# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**BILLY HAROLD BROOKS, JR.**                                                         **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:17-CV-182-RP**

**NANCY BERRYHILL,**
**COMMISSIONER OF SOCIAL SECURITY**                               **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Billy Harold Brooks, Jr. filed suit under §205(g) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 11. The Court, having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, and as explained further from the bench at the conclusion of the hearing hereon, finds as follows:

The ALJ's finding that Plaintiff could meet the exertional requirements of a restricted range of sedentary work, specifically the standing and walking requirements, is not supported by substantial evidence. The ALJ failed to give proper weight – or even to weigh at all – to the medical opinions of Plaintiff's treating specialist Dr. Crosby regarding the severity of Plaintiff's degenerative disc disease (as evidenced by his interpretation of Plaintiff's July 22, 2015 MRI) and regarding Plaintiff's prognosis and need for additional surgery. Medical opinions are "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do

despite impairment(s), and your physical or mental restrictions." 20 CRF 416.927(a)(1). The opinions of a "treating physician who is familiar with the claimant's injuries, treatment, and responses should be accorded considerable weight in determining disability" except where "there is good cause shown to the contrary." *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). When benefits are denied, an ALJ is required to articulate specific reasons for the weight given to a treating source's medical opinions. SSR 96-2p. The ALJ's consideration of Dr. Crosby's opinions is insufficient in these regards, particularly in light of the fact Dr. Crosby's opinions are consistent with those of Plaintiff's other treating and examining physicians, Dr. Pratt and Dr. Shearin.

Additionally, the ALJ erroneously impugned Plaintiff's credibility when she afforded Plaintiff's "apparent lack of discomfort during the hearing […] some slight weight" when in fact Plaintiff was unable to sit throughout the entire hearing and asked to stand. The ALJ also erroneously found the lack of emergency room treatment to be inconsistent with Plaintiff's complaints of constant pain and alleged inability to pay for treatment when the record demonstrates that Plaintiff consistently sought pain management treatment upon Dr. Crosby's recommendation.

The Commissioner's decision is reversed and remanded with instructions to reassess Plaintiff's RFC and to make step four and step five determinations accordingly.

**SO ORDERED AND ADJUDGED**, this the 27th day of July, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE